# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

### INDICTMENT FOR CONSIPRACY
### TO COMMIT IMMIGRATION FRAUD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24-62-JWD-EWD |
| | : | |
| *versus* | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 1546(a) |
| FLAVIO CARDOZA and | : | 18 U.S.C. § 982(a)(6) |
| JAZLYN MERCHAN | : | 21 U.S.C. § 853(p) |

## THE GRAND JURY CHARGES:

### Introduction

At all times relevant to this Indictment:

1.      Defendant **FLAVIO CARDOZA** owned and operated FCME, LLC, an immigration form preparation business.

2.      Defendant **JAZLYN MERCHAN** was an employee of FCME, LLC.

3.      Defendant **FLAVIO CARDOZA** and others, both known and unknown to the Grand Jury, including, at times, defendant **JAZLYN MERCHAN**, assisted aliens with their immigration status by submitting asylum applications containing false stories of persecution purportedly suffered by aliens. For example, **CARDOZA** advised clients to falsely claim that they feared persecution in their home countries, when **CARDOZA** understood that no such persecution actually took place.

4.      Defendants **CARDOZA** and **MERCHAN** also knowingly drafted fraudulent affidavits on behalf of clients, so that they could be submitted as part of clients' asylum applications. These affidavits, which were designed to support clients' persecution claims, conveyed purported aspects of clients' personal histories that were filled with falsehoods,

USM and USA Sealed Group with Warrant
USPO

1

including events and incidents of alleged persecution that were completely concocted by **CARDOZA** and **MERCHAN**. **CARDOZA** and **MERCHAN**, also personally prepared clients' fraudulent asylum applications and submitted them to United States Citizenship and Immigration Services ("USCIS").

## Background on the Asylum Process

5.      Pursuant to federal immigration law, to obtain asylum in the United States, an alien is required to show that he or she has suffered persecution in his or her country of origin on account of race, religion, nationality, political opinion, or membership in a particular social group, or has a well-founded fear of persecution if he or she were to return to such country.

6.      Alien applicants seeking asylum are required to complete a form called I-589 to the USCIS. The Form I-589 requires a detailed and specific account of the basis of the claim to asylum. If the I-589 is prepared by someone other than the applicant or a relative of the applicant, such as an attorney, the preparer is required to set forth his or her name and address on the form. The alien applicant and preparer are required to sign the petition under penalty of perjury. The alien applicant must typically apply for asylum within one year of their arrival in the United States.

7.      After the Form I-589 is submitted, the alien applicant is interviewed by an USCIS officer (the "Asylum Officer") to determine whether the applicant qualifies for asylum. At the interview, the applicant can present witnesses or documentation in support of his or her asylum claim. After the interview, the Asylum Officer determines whether the alien applicant qualifies for asylum, and that determination is then reviewed by a supervisory officer within USCIS.

8.      If an alien applicant is granted asylum, he or she receives a completed Form I-94 that reflects that the USCIS has granted him or her asylum status. The grant of asylum typically applies to the applicant's spouse and children as well. An alien who has a Form I-94 can apply for,

2

among other things, lawful permanent resident status. A grant of asylum status does not expire, although USCIS can terminate asylum status if, among other things, it is later discovered that the applicant obtained asylum through fraud or no longer has a well-founded fear or persecution in his or her home country.

9.      If the Asylum Officer determines that the applicant is ineligible for asylum status, and if the applicant is in the United States illegally, the matter is referred to an Immigration Judge at the Executive Office for Immigration Review. The Immigration Judge holds a hearing during which the alien applicant, and commonly an immigration lawyer, appear before the Immigration Judge and present evidence in support of the asylum application.  After the hearing, the Immigration Judge renders a decision on the alien's asylum application. If the Immigration Judge denies the asylum application the applicant may appeal that decision to the Board of Immigration Appeals ("BIA"). If the applicant loses his or he appeal before the BIA the applicant may appeal to a federal court.

**The Conspiracy**

10.     Beginning in or around August 2019, and continuing until at least July 2024, in the Middle District of Louisiana and elsewhere, defendants **FLAVIO CARDOZA** and **JAZLYN MERCHAN** knowingly, and willfully conspired and agreed with each other and others, both known and unknown to the Grand Jury, to commit offenses against the United States, namely, immigration fraud, in violation of Section 1546(a) of Title 18, United States Code.

11.     It was a part and an object of the conspiracy that defendants **CARDOZA** and **MERCHAN** and others, both known and unknown to the Grand Jury, unlawfully, willfully, and knowingly did utter, use attempt to use, possess, obtain, accept, and receive an immigrant and nonimmigrant visa, permit, border crossing car, alien registration receipt card, and other

3

documents prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to be forged, counterfeited, altered, and falsely made, and to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained, and would and did make under oath, and as permitted under penalty of perjury under section 1746 of Title 28, United States Code, subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder, and would and did present such application, affidavit, and other document which contained such false statement and which failed to contain a reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546(a).

### Overt Acts

12.     In furtherance of said conspiracy and to effect the illegal object therefor, the following overt acts, among others, were committed in the Middle District of Louisiana and elsewhere:

a.     On or about June 10, 2023, FCME, LLC in Zachary, Louisiana, defendant **MERCHAN**, met with Witness-1, who was posing as an applicant seeking asylum and **MERCHAN** created false and fraudulent stories to be submitted in Witness-1's asylum application. Specifically, **MERCHAN** provided a false response to question 1A of Witness-1's asylum application, writing *"we decided to leave our country because of the extortion and violence there is. My parents sometimes were not able to work because of the extortion"*. **MERCHAN** provided this response, and other similar false responses, when in fact **MERCHAN** understood that Witness-1 was in not in fear of returning to her home country due to violence and extortion.

b.    On or about May 16, 2023, defendants **CARDOZA** and **MERCHAN** met with Witness-2 who was seeking assistance with her immigration status. Defendants **CARDOZA** and **MERCHAN**, unbeknownst to Witness-2, created false and fraudulent stories that were submitted in the asylum application. Specifically, **CARDOZA** and **MERCHAN** provided false responses to questions in Witness-2's asylum application, writing that Witness-2 would be subjected to torture if returned to her home country or any other country to which she may be returned. **CARDOZA** and **MERCHAN** provided this response, and other similar false responses, when in fact **CARDOZA** and **MERCHAN** understood that Witness-2 was in not in fear of returning to her home country due to violence and extortion.

The above is a violation of Title 18, United States Code, Section 371

### NOTICE OF FORFEITURE

13.    Paragraphs 1 through 12 are repeated and re-alleged for the purpose of alleging forfeiture, as though fully set forth herein.

14.    Upon conviction of the offenses charged in Count One of this Indictment, defendants **FLAVIO CARDOZA** and **JAZLYN MERCAN** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6), any property, real or personal, constituting or derived from, or traceable to, the proceeds obtained from the commission of the said violation including, but not limited to, a sum of money equal to the amount of proceeds of the offense.

15.    If any of the above-described forfeitable property, as a result of any act or omissions of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described above.

UNITED STATES OF AMERICA, BY

**A TRUE BILL**

**REDACTED
PER PRIVACY ACT**

RONALD C. GATHE, JR.
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

7/17/2024

JENE C. CLAYTON                        DATE
ASSISTANT UNITED STATES ATTORNEY

6

**Criminal Cover Sheet**          **U.S. District Court**

**Place of Offense:**             Matter to be sealed:    ☒ Yes    ☒ No

City: Zachary                     Related Case Information:

County/Parish: East Baton Rouge   Superseding _____ Docket Number _____
                                  Same Defendant _____ New Defendant _____
 *Investigating Agency: HSI       Magistrate Case Number: _____
                                  Search Warrant Case No.: _____
 *Agent: SA Tauzier               R 20/ R 40 from District of: _____
                                  Any Other Related Cases: _____

**Defendant Information:**

Defendant Name: FLAVIO CARDOZA _____

Alias: _____

Address: _____

Birthdate: _____ SS #: _____ Sex: ____ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: Jene C. Clayton                      Bar #: LBN 38698

Interpreter: ☐ Yes  ☒ No     List language and/or dialect: _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: _____1_____

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|------|-------------------------------|----------|------------------------------|
| 18: 371 and 18: 1546(a) | Conspiracy to Commit Immigration Fraud | 1 | F |
| | | | |
| | | | |
| | | | |
| | | | |

(May be continued on second sheet)

Date: 7/17/2024          Signature of AUSA: _____

## Criminal Cover Sheet    U.S. District Court

**Place of Offense:**

City: Zachary

County/Parish: East Baton Rouge

*Investigating Agency: HSI

*Agent: SA Tauzier

**Matter to be sealed:**  ☒ Yes   ☑ No

Related Case Information:

Superseding _____ Docket Number _____
Same Defendant _____ New Defendant _____
Magistrate Case Number: _____
Search Warrant Case No.: _____
R 20/ R 40 from District of: _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: JAZLYN MERCHAN

Alias: _____

Address: _____

Birthdate: _____ SS #: _____ Sex: ____ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: Jene C. Clayton    Bar #: LBN 38698

**Interpreter:** ☑ Yes  ☐ No    **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____

_____ Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 1

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|------|-------------------------------|----------|----------------------------|
| 18: 371 and 18: 1546(a) | Conspiracy to Commit Immigration Fraud | 1 | F |
| | | | |
| | | | |
| | | | |
| | | | |

(May be continued on second sheet)

Date: 7/17/2024    Signature of AUSA: _____